## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| THE COUNCIL OF CO-OWNERS OF | : | | |
| CALVERT PARK CONDOMINIUM, INC., | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 24-594 (RC) |
| | : | | |
| v. | : | Re Document No.: | 4, 8, 11 |
| | : | | |
| LOYE E. HOWELL, | : | | |
| | : | | |
| Defendant. | : | | |

## MEMORANDUM OPINION

### GRANTING PLAINTIFF'S MOTION TO REMAND

## I. INTRODUCTION

The Council of Co-Owners of Calvert Park Condominium, Inc. ("Plaintiff") initiated this civil action in the Superior Court of the District of Columbia ("Superior Court") against Loye E. Howell ("Defendant"), asserting claims of breach of contract and seeking injunctive relief.  *See generally* Compl., Ex. 1 to Notice of Removal at 7–12, ECF No. 1; *see also* Am. Compl., Ex. 1 to Notice of Removal at 55–61, ECF No. 1.[1]  Defendant failed to appear, and on June 29, 2023, the Superior Court issued a default judgment and permanent injunction.  *Calvert Park Condominium Association, Inc. v. Howell*, No. 2022-CAB-005594 (D.C. Super. Ct.).[2]  On March 1, 2024, Defendant removed the case to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).  *See* Notice of Removal ¶ 9, ECF No. 1.  Now before the Court is Plaintiff's Motion to Remand, in which the Council argues that Defendant's removal was

---

[1] When citing to the Notice of Removal and the attached Exhibits, the Court uses the page numbers generated by ECF.

[2] The Court takes judicial notice of the Superior Court docket.

untimely, objects to the exercise of subject matter jurisdiction based on diversity, and seeks costs and fees incurred as a result of removal.  *See generally* Pl.'s Mot. Remand, ECF No. 8.  Upon consideration of facts presented in the record and the state court proceeding prior to removal, the Court grants the motion and remands this case to the Superior Court for failure to satisfy the one-year time limit of 28 U.S.C. § 1446(c)(1).  The Court additionally denies Plaintiff's request for attorney's fees.

## II.  FACTUAL BACKGROUND

On December 4, 2022, Plaintiff, a condominium association located in the District of Columbia, filed a Complaint in the Superior Court of the District of Columbia against Defendant, the owner and resident of one of the units in the condominium building.  Pl.'s Mot. Remand at 3.  Plaintiff mistakenly filed the suit under the name of "Calvert Park Condominium Association, Inc.," an organization no longer in existence.  *Id*. at 5; *see also* Ex. 1 to Pl.'s Mot. Remand at 2, ECF No. 8-1.  The Complaint alleged that Defendant had breached her contract with Plaintiff by sending thousands of vulgar, sexually explicit communications to other unit owners within the association and to the association's management company and staff.  Am. Compl. ¶ 10.  Prior to the lawsuit, Plaintiff sent Defendant a Fines Letter detailing all occurrences of the violation and seeking total fines in the amount of $24,900.00.  *Id*. ¶ 14.  Plaintiff's Complaint sought the amount of the fines accrued, legal fees, and costs of the lawsuit, and requested the Superior Court to "enjoin Defendant preliminarily and permanently from issuing communications that are a nuisance, noxious, and offensive."  *Id*. at 60.

On June 16, 2023, due to Defendant's failure to file a responsive pleading and appear in court in an ex parte proof hearing, the Superior Court entered a default judgment against Defendant in the amount of $379,886.95.  Pl.'s Mot. Remand at 4; Ex. 1 to Pl.'s Mot. Remand at

5.  As part of collecting the Judgment, Plaintiff obtained a subpoena for Oral Examination, which obligated Defendant to produce financial documents.  Pl.'s Mot. Remand at 4–5; Ex. 1 to Pl.'s Mot. Remand at 7.  On February 6, 2024, Defendant filed a Motion to Vacate Default Judgment and Injunctions, and to Dismiss Complaint for Lack of Subject Matter Jurisdiction, Standing and Capacity ("Motion to Vacate"), arguing that the case should be dismissed and judgment vacated because "Calvert Park Condominium Association, Inc." was an organization that ceased to exist over forty years ago, and the non-existent Plaintiff was suing for violations of the By-Laws of the "Council of Co-Owners of Calvert Park Condominium, Inc."  *See generally* Mot. Vacate, *Calvert Park Condominium Association, Inc. v. Howell*, No. 2022-CAB-5594 (D.C. Super. Ct., Feb. 6, 2024).  According to Plaintiff, this was merely a "misnomer" that misstated Plaintiff's proper name.  Pl.'s Mot. to Remand at 5.

On February 8, 2024, Plaintiff filed a motion for leave to file an Amended Complaint solely to correct and clarify the misstatement of Plaintiff's name and the case caption, and the Superior Court granted the motion on February 23, 2024.  *Id.*  At the same hearing, the Superior Court Judge emphasized that the Amended Complaint would not restart the case or permit the Defendant to file an answer, as the amendment merely corrected a misnomer and made no substantive change.  The Superior Court explained as follows:

> THE COURT:  All right.  So I'm going to grant your motion to amend the complaint for the reasons that I've indicated.  It's not substance based; it is simply changing the name of the moving party.
>
> . . .
>
> MR. CAMP:  When you amend the complaint the litigation starts over because there are thousands of cases that say when you amend the complaint, it's as if the first complaint was never filed.
>
> THE COURT:  So I'm going to just tell you to look at the rule, it's Rule 15(b).  That's the rule that covers it right, it doesn't say anything about what you just

said, and here's the reason for that.  What the rule talks about is the ability to respond when the substance [is] changed[,] right[?] . . . We are way past all of that.

Transcript of Record at 15, 19–20, Ex. 1 to Pl.'s Reply to Def.'s Opp'n ("Pl.'s Reply"), ECF No. 10-1.

The Superior Court indicated that the amendment would not vacate the judgment entered against Defendant, Transcript of Record at 14, and re-affirmed Defendant's obligation to produce financial documents pursuant to the subpoena for Oral Examination.  Transcript of Record at 20, attached as Pl.'s Reply Ex. 1 ("So you've got ten days to provide the documents pursuant to the last order of production.").  Plaintiff subsequently filed the Amended Complaint on February 27, 2024.  Ex 1 to Pl.'s Mot. to Remand at 11.

On March 1, 2024, Defendant filed the Notice of Removal and removed the case to this Court pursuant to 28 U.S.C. § 1332(a) on the basis of diversity jurisdiction.  *See* Notice of Removal at 4.  Defendant alleged that Plaintiff was a citizen of the District of Columbia seeking more than $300,000 and Defendant was a citizen of Kansas at the time of removal.  *Id*. at 3.  On March 29, 2024, Plaintiff filed a Motion to Remand, arguing that the case should be remanded because Defendant failed to establish subject matter jurisdiction based on diversity and removed out of time.  *See generally* Pl.'s Mot. Remand.  Plaintiff also seeks $9,219 in attorney's fees and expenses incurred by improper removal.  *Id*. at 10–11.  Defendant resists the remand, arguing that this Court has jurisdiction on the basis of diversity under 28 U.S.C. § 1332(a) because she changed domicile and became a citizen of Kansas, and that Plaintiff's amendment of the Complaint prior to removal effectively restarts the case, rendering removal timely.  *See generally* Def.'s Opp'n Mot. Remand, ECF No. 9.

## III.  LEGAL STANDARD

Civil actions filed in state court may be removed to a United States district court by the defendant if the case could have originally been filed in federal court.  28 U.S.C. § 1441(a).  The party seeking removal has the burden to establish federal jurisdiction.  *Organic Consumers Ass'n v. Handsome Brook Farm Group 2, LLC*, 222 F. Supp. 3d 74, 76 (D.D.C. 2016).  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).  Section 1447(c) governs motions to remand.  Under § 1447(c), motions to remand for lack of subject matter jurisdiction may be brought "at any time."  Other motions to remand "must be made within 30 days after the filing of [a] notice of removal under" § 1446(a).  *Id*.  The principles of federalism dictate that courts should adhere to a "strict construction" of the removal statute.  *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941).  "[T]he court must resolve any ambiguities concerning the propriety of removal in favor of remand."  *Zuckman v. Monster Beverage Corp.*, 958 F. Supp. 2d 293, 297 (D.D.C. 2013) (citation omitted).

## IV.  ANALYSIS

### A.  Timeliness of Removal

Plaintiff argues that removal is inappropriate because Defendant fails to follow the time requirement set forth in the removal statute, 28 U.S.C. § 1446.  Pl.'s Mot. Remand at 7–10.  Specifically, Plaintiff argues that Defendant failed to remove the case within thirty days after her receipt of the Complaint pursuant to § 1446(b) and within 1 year after commencement of the action pursuant to §1446(c).  *Id*.  Section 1446(b) provides that the notice of removal "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is

based," and "if the case stated by the initial pleading is not removable, a notice of removal may

be filed within thirty days after receipt by the defendant . . . of a copy of an amended pleading,

motion, order or other paper from which it may first be ascertained that the case is one which is

or has become removable." 28 U.S.C. § 1446(b). In addition, § 1446(c)(1) provides that if

removal is based solely on diversity jurisdiction under § 1332, "[a] case may not be removed . . .

on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of

the action, unless the district court finds that the plaintiff has acted in bad faith in order to

prevent a defendant from removing the action." Plaintiff emphasizes that the original Complaint

was filed on December 4, 2022, while the Notice of Removal was filed on March 1, 2024, more

than thirty days after the filing of the initial Complaint and more than one year after the initiation

of the lawsuit. Pl.'s Mot. Remand at 3.

      To escape this time bar, Defendant argues that Plaintiff's amendment of the Complaint to

substitute the proper party for a "non-existent plaintiff" effectively commences a new action, and

that removal is therefore timely both under both § 1446(b) and (c). Def.'s Opp'n Mot. Remand

at 1. In support of her argument, Defendant cites an unpublished Eighth Circuit opinion and a

district court case from the Southern District of California. *Id*. (discussing *Capers v. Amtrak*,

673 F. App'x 591, 594–95 (8th Cir. 2016) and *Cacossa v. Amylin Pharms., Inc.*, No. 3:12-cv-

3020, 2014 WL 2090552 (S.D. Cal. May 16, 2014)). The issue of timeliness turns on whether an

amended complaint that corrects Plaintiff's name relates back to the original complaint or

effectively institutes a new action.

      "Congress clearly intended to preserve the effectiveness of state court orders after

removal," and "[a]fter removal, the federal court 'takes the case up where the State court left it

off.'" *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of*

*Alameda Cnty.*, 415 U.S. 423, 436 (1974) (quoting *Duncan v. Gegan*, 101 U.S. 810, 812 (1880));

*see also* 28 U.S.C. § 1450 ("All injunctions, orders, and other proceedings had in such action

prior to its removal shall remain in full force and effect until dissolved or modified by the district

court.").  Here, the Superior Court granted Plaintiff's motion to amend and entered that order on

the docket.  Pl.'s Mot. Remand Ex. 1 at 11.  Although the Superior Court had decided to deny

Defendant's motion to vacate the default judgment and intended to rule that the amended

complaint did not effectively restart the lawsuit, the court had not yet entered a written order.

The Superior Court explained that "[u]nless I hear something else on the motion to vacate, I'm

going to deny that on the papers with an order from chambers."  Transcript of Record at 21.

Defendant removed to this Court before this final, written order inevitably ruled against her.

   Defendant's attempt to escape the Superior Court's impending ruling is futile, however,

as this Court applies the same District of Columbia law governing amendment of the Complaint

because Plaintiff amended prior to removal to this Court.  Rule 81(c) provides that the Federal

Rules of Civil Procedure "apply to a civil action *after* it is removed from a state court."  Fed. R.

Civ. P. 81(c)(1) (emphasis added).  This implies that state rules should be applied "to determine

the implications of events that occurred while a case was pending in state court prior to

removal." *Taylor v. Bailey Tool Mfg. Co.*, 744 F.3d 944, 947 (5th Cir. 2014); *cf. Kirby v.

Allegheny Beverage Corp.*, 811 F.2d 253, 257 (4th Cir. 1987) (noting that the Federal Rules "do

not apply to the filing of pleadings or motions prior to removal"); *Magowan v. Lowery*, 166 F.

Supp. 3d 39, 65–66 (D.D.C. 2016) ("In determining the validity of service in the state court prior

to removal, a federal court must apply the law of the state under which the service was made.").

Specifically, when determining whether a complaint amended prior to removal relates back to

the original complaint, "state rather than federal practice must supply the rule of decision."

*Schorsch v. Hewlett-Packard Co.*, 417 F.3d 748, 751 (7th Cir. 2005); *see also Braud v. Transp. Serv. Co.*, 445 F.3d 801, 803 (5th Cir. 2006) ("[W]hen an action is commenced in state court is determined based on the state's own rules of procedure."); *Plubell v. Merck & Co., Inc.*, 434 F.3d 1070, 1071 (8th Cir. 2006) (applying Missouri state law to determine whether amendment of complaint prior to removal relates back or is instead a new action); *Robinson v. Se. Pa. Transp. Auth.*, 572 F. Supp. 3d 136, 144 (E.D. Pa. 2021) (concluding that Federal Rules should be applied to amendments made in federal court following removal, and state procedural rules should determine the implications of events that occurred prior to removal).

Here, the relevant District of Columbia procedural rule is D.C. Superior Court Civil Rule 15, which provides that "[a]n amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Super. Ct. Civ. R. 15(c)(1). This essentially mirrors the federal Rule governing amendment and relation back. *See* Fed. R. Civ. P. 15(c)(1). In addition, "the original complaint must have put the defendant on notice that a certain range of matters was in controversy and the amended complaint [must] fall[ ] within that range." *Comer v. Wells Fargo Bank, N.A.*, 108 A.3d 364, 372 (D.C. 2015) (internal quotation and citation omitted). "An amendment will relate back when it seeks to "expand upon[,]" "clarify[,]" or "amplify[ ] the facts already alleged in support of a particular claim," but will be treated more cautiously when it "significantly alter[s] the nature of a proceeding by injecting new and unanticipated claims." *Id.*

In *Strother v. District of Columbia*, the plaintiff filed a wrongful death claim individually and on behalf of his deceased father's estate. *Strother v. District of Columbia*, 372 A.2d 1291, 1294 (D.C. Ct. App. 1977). The defendant there asserted in his original answer and motion to

dismiss that plaintiff lacked standing to bring the action, and the plaintiff attempted to file an amended complaint to sue in his capacity as administrator of the deceased's estate rather than his capacity as an individual.  *Id*.  The D.C. Court of Appeals held that because "there was no new or different cause of action introduced in the tendered amended complaint and the cause of action in the amended complaint arose out of the same conduct set forth in the original complaint," the amendment of the complaint to change the plaintiff's capacity to sue related back to the date of the original pleading.  *Id*. at 1299.  The court noted that federal courts and state courts which have adopted the substance of Fed. R. Civ. P. 15(c) have interpreted the rule as permitting relation back when the amendment seeks to change the capacity in which a plaintiff is suing.  *Id*. at 1297.  The court explained the reason behind such holding— "there is no substantial prejudice to the defendant because 'there is no change in the parties before the court (and) all parties are on notice of the facts out of which the claim arose.'"  *Id*. (citation omitted).

In addition, several opinions from the D.C. Court of Appeals make clear that an amendment to a pleading relates back to the original pleading when it provides "correction of the name of the party being sued" and "merely corrects a misnomer."  *Pritchett v. Stillwell*, 604 A.2d 886, 888 (D.C. 1992); *see also Arrington v. Dist. Columbia*, 673 A.2d 674, 679 (D.C. 1996) ("[I]f, in the original complaint, the correct party was properly sued but incorrectly named—then the amendment relates back.").  Although these cases refer to the name of the defendant, the reasoning applies with even greater strength with regard to correcting the name of the plaintiff, who is naturally on notice of the pending lawsuit and its subject matter. *See* Fed. R. Civ. P. 15 advisory committee's note to 1966 amendment ("The relation back of amendments changing plaintiffs is not expressly treated in revised Rule 15(c) since the problem

is generally easier. . . . [T]he attitude taken in revised Rule 15(c) toward change of defendants extends by analogy to amendments changing plaintiffs.").[3]

In addition, just like the federal rules, the Superior Court rules require an action to "be prosecuted in the name of the real party in interest."  Super. Ct. Civ. R. 17(a)(1); *see also Martin v. Santorini Cap.*, LLC, 236 A.3d 386, 393 (D.C. 2020).  The rules provide that an action may not be dismissed until "a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action," and that afterwards "the action proceeds as if it had been originally commenced by the real party in interest."  *Id.* 17(a)(3).  The rule states that where there is in fact a substantial difference in identity between the new plaintiff and the prior plaintiff, the correction still does not affect the substance of the proceedings.  *See also* Fed. R. Civ. P. 17 advisory committee's note to 1966 amendment (explaining that the rule is "intended to prevent forfeiture when determination of the proper party to sue is difficult or *when an understandable mistake has been made*") (emphasis added).

In the current case, Plaintiff alleges and the Court finds that the Amended Complaint sought "solely to correct and clarify a misnomer in the original Complaint that inadvertently misstated Plaintiff as Calvert Park Condominium Association, Inc., instead of its proper name." Pl.'s Mot. Remand at 5; *see also* Compl. at 7–12; Am. Compl. at 55–60.  Because the Amended Complaint makes no alteration besides Plaintiff's name and states the same claims arising out of the same set of occurrences as the original Complaint, the plain language of Civil Rule 15(c)(1)(B) suggests that the amendment should relate back to the original Complaint.  As in

---

[3] The Court believes the federal commentary to be persuasive within District of Columbia courts.  *See Wendemu v. Tesema*, 304 A.3d 953, 961 n.4 (D.C. 2023) ("When a local rule and a federal rule are identical, or nearly so, we will construe the local rule in a manner consistent with the federal rule to the extent possible under binding precedent.")

*Strother*, the amendment which sought solely to correct Plaintiff's name introduced no new or different cause of action, nor did it set out any different set of facts, and therefore the amendment should relate back to the original complaint.  From a policy perspective, the D.C. Circuit has noted that the goal of Rule 15(c) is to "avoid the harsh consequences of a mistake that is neither prejudicial nor a surprise to the misnamed party." *Rendall-Speranza v. Nassim*, 107 F.3d 913, 918 (D.C. Cir. 1997).  In this case, Defendant was put on adequate notice of the facts and claims alleged and the remedies sought by Plaintiff, so the amendment is neither prejudicial nor a surprise to her.

        The cases Defendant cites do not persuade the Court that a different rule applies. Defendant cites one unpublished Eighth Circuit opinion applying Arkansas caselaw holding that "where an action is brought in the name of a non-existing plaintiff, [a Rule 15] amendment of complaint by substituting the proper party to the action as plaintiff will be regarded as the institution of a new action as regards the statute of limitations." *Capers*, 673 F. App'x at 594 (quoting *Bryant v. Hendrix*, 375 Ark. 200, 289 (2008)).  Another opinion applies South Carolina law to conclude that substituting an estate for the decedent's wife instituted a new action. *Cacossa*, 2014 WL 2090552, *3.  These cases are inapplicable here, where Plaintiff merely placed the incorrect name on the Complaint.  The Court also does not believe a District of Columbia court would find the Arkansas or South Carolina rules persuasive given their plain incompatibility with *Strother*.  *See Bryant*, 375 Ark. at 406 ("The same principle applies to plaintiffs who are existent, but lack standing and are not the real party in interest.").  The Arkansas Supreme Court, for instance, recognizes that its rule differs from interpretations of the federal rule.  *See id.*

Finally, it is far too late in this action for Defendant to raise the Calvert Park Condominium Association's lack of capacity to sue.  *See* Def.'s Opp'n Mot. Remand at 5 (claiming that the organization is "a non-existent entity").  Both the Superior Court rules and the federal rules dictate that "[t]o raise" "a party's capacity to sue or be sued," "a party must do so by a specific denial, which must state any supporting facts that are peculiarly within the party's knowledge."  Super. Ct. Civ. R. 9(a); *see also* Fed. R. Civ. P. 9(a).  A specific denial—as opposed to a general denial—is "[a] separate response applicable to one or more particular allegations in a complaint."  *Denial*, Black's Law Dictionary (11th ed. 2019); *see also Lang v. Texas & P. Ry. Co.*, 624 F.2d 1275, 1277 (5th Cir. 1980) (observing that "Rule 9(a) . . . require[s] a defendant to plead absence of capacity").  "Failure to raise capacity in a responsive pleading amounts to forfeiture of that right."  *Swaim v. Moltan Co.*, 73 F.3d 711, 718 (7th Cir. 1996).  Because Plaintiff did not raise the Calvert Park Condominium Association's lack of capacity to sue in an answer or a motion to dismiss before the Superior Court, the argument is forfeited.

Indeed, the Court's conclusion matches that of the Superior Court, which determined prior to the removal that the action does not restart from square one because the Plaintiff placed the wrong name in the original complaint, and the amended complaint relates back to the original complaint.  *See* Transcript of Record at 15, 19–20.  Based on the reasoning above, the Court agrees with the Superior Court's finding and concludes that based on D.C. law, the February 2024 Amended Complaint solely to correct Plaintiff's name relates back to the original Complaint filed on December 4, 2022, instead of restarting the litigation.  Accordingly, because

12

the Notice of Removal was filed on March 1, 2024, more than one year after commencement of

the action, the timing requirement of § 1446(c)(1) is not satisfied and removal was improper.[4]

## B.  Attorney's Fees

The Court next considers Plaintiff's request to recover costs and fees incurred by

improper removal.  Pursuant to 28 U.S.C. § 1447(c), the Court "may require payment of just

costs and any actual expenses, including attorney fees, incurred as a result of the removal."  The

standard for awarding fees "turn[s] on the reasonableness of the removal."  *Martin v. Franklin

Cap. Corp.*, 546 U.S. 132, 141 (2005).  "Absent unusual circumstances, courts may award

attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable

basis for seeking removal."  *Id*.  On the other hand, "when an objectively reasonable basis exists,

fees should be denied."  *Id*.  "A basis for removal is objectively reasonable when it 'has at least

some logical and precedential force.'"  *Organic Consumers Ass'n, Inc. v. R.C. Bigelow, Inc.*, 314

F. Supp. 3d 344, 358 (D.D.C. 2018) (quoting *Knop v. Mackall*, 645 F.3d 381, 383 (D.C. Cir.

2011)).  The policy goal behind awarding costs and fees to the party objecting to removal is "to

deter removals intended to prolong litigation and impose costs on the opposing party."  *Martin*,

546 U.S. at 140 (2005).

Courts in the D.C. Circuit award costs and expenses associated to removal "[w]here non-

removability is obvious or contrary to well-settled law[.]"  *Nat'l Consumers League v. Gen.

Mills, Inc.*, 680 F. Supp. 2d 132, 141 (D.D.C. 2010); *see also Falconi-Sachs v. LPF Senate

Square, LLC*, 963 F. Supp. 2d 1, 2 (D.D.C. 2013) (holding that removal was not objectively

reasonable because the diversity jurisdiction statute requires that the amount-in-controversy

---

[4] Because the Court remands the case as Defendant removed out of time, it does not reach Plaintiff's alternative argument for remand based on lack of diversity jurisdiction.

exceeds $75,000, while plaintiff's complaint explicitly disclaimed damages of any type over $74,999). In *Johnson-Brown v. 2200 M Street LLC*, the defendants' removal was based on a novel argument calling for the application of corporate-citizenship rule to LLCs, which is not supported by any applicable legal authority. *Johnson-Brown v. 2200 M St. LLC*, 257 F. Supp. 2d 175, 178–180 (D.D.C. 2003). The Court held that costs and attorney's fees should be awarded to the plaintiff, reasoning that the corporate-citizenship rule is a "well-settled authority," and that "the defendants' removal petition is supported by no legal authority and therefore lacks merit." *Id*. at 181. In addition, courts sometimes take into consideration the suspicion of bad-faith removal to avoid an undesirable outcome or to cause undue delay. *See Wells Fargo Bank, N.A. v. Grenadier*, No. 22-cv-3433, 2024 WL 1050359, at *4 (D.D.C. Mar. 8, 2024) (granting plaintiff's request for fees and costs, reasoning that in addition to defendant's lack of an objectively reasonable basis for seeking removal, "the Court strongly suspects her removal was a bad-faith attempt to evade the Eastern District of Virginia's prefiling injunction against her"), *see also Falconi-Sachs*, 963 F. Supp. 2d at 2 (awarding to the plaintiff fees incurred by removal, noting that the defendant's removal "was a waste of time, money, and judicial resources" and "delayed the resolution of this case by more than five months").

Conversely, when there is ambiguity in the legal question or the factual record, so that the non-removability of the case is not obvious or contrary to well-settled law, costs and attorney's fees should not be granted. *See Jenkins v. District of Columbia*, 79 F. Supp. 3d 265, 269 (D.D.C. 2015) (holding that the defendant had an objectively reasonable basis to believe that removal was proper because "the legal questions and factual record involved in this motion are far from unambiguous"); *Simon v. Hofgard*, 172 F. Supp. 3d 308, 320–21 (D.D.C. 2016) (declining to award costs and expenses on the grounds that non-removability of the case was not so obvious,

as some of the legal issues raised were novel).  Courts in this Circuit have repeatedly held that

when there is no controlling authority governing the legal issue arising under the question of

removability, award of attorney's fees and costs is inappropriate "notwithstanding the thrust of

the opinions of the district courts in this Circuit."  *R.C. Bigelow, Inc.*, 314 F. Supp. 3d at 358; *see*

*also Gen. Mills, Inc.*, 680 F. Supp. 2d at 141 (holding that although the defendant's argument for

removability is "contrary to other decisions in this district . . . there is no D.C. Circuit law

foreclosing its arguments," so attorney's fees and costs should not be awarded); *Breakman v.*

*AOL LLC*, 545 F. Supp. 2d 96, 108 (D.D.C. 2008) (declining to award attorney's fees and costs

because "there is no clear, controlling case law" from the D.C. Circuit that clearly bars removal

under the circumstances).

Here, Defendant removed under 28 U.S.C. § 1446(c)(1) on the theory that filing under

the wrong name makes Plaintiff's original Complaint void *ab initio* and amending the complaint

to substitute the proper party for a non-existent plaintiff essentially initiates a new action.  *See*

Notice of Removal at 2; Def.'s Opp'n Mot. Remand at 1–2.  Although the Court ultimately

found this theory to lack merit, neither Plaintiff nor the Court identifies clear, controlling District

of Columbia caselaw foreclosing Defendant's arguments.  *See Gen. Mills, Inc.*, 680 F. Supp. 2d

at 141; *Breakman*, 545 F. Supp. 2d at 108.  Defendant points to several cases from other

jurisdictions supporting its legal position, *see* Def.'s Opp'n Mot. Remand at 1–2, 5–7, and made

a plausible argument that under the facts here, the initial Complaint was filed not by a mis-

named entity, but rather an entity that no longer existed.  The Court thus cannot conclude that

Defendant "lacked an objectively reasonable basis for seeking removal."  *Martin*, 546 U.S. at

141.  To the extent Defendant may have unreasonably multiplied proceedings to collect the

judgment, however, Plaintiff may seek attorney's fees from the Superior Court under D.C. law.

15

## V.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand this case to the Superior Court of the District of Columbia is **GRANTED**; and it is

**FURTHER ORDERED** that Plaintiff's request for attorney's fees and costs is **DENIED**; and it is

**FURTHER ORDERED** that Plaintiff's Motion to Vacate Pre-Removal Default Judgment, Injunctions, and Orders is **DENIED AS MOOT**; and it is

**FURTHER ORDERED** that Defendant's Motion for Protective Order is **DENIED AS MOOT**.

The case is **REMANDED** to the Superior Court of the District of Columbia.  An order consistent with this Memorandum Opinion is separately and contemporaneously issued.


Dated:  July 29, 2024                                        RUDOLPH CONTRERAS
                                                                        United States District Judge